UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jamarr Hassan Terry,

            Plaintiff,        Case No. 24-cv-12182

v.                                Judith E. Levy
                                United States District Judge

City of Jackson, *et al.*,

                                Mag. Judge Anthony P. Patti

            Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
FOR DECLARATORY RELIEF AND DAMAGES [4]**

Plaintiff Jamarr Hassan Terry brings this prisoner civil rights case under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is self-represented or proceeding *pro se*. He sues the City of Jackson; Jackson Police Officer Soloman; the Jackson County Jail; the Jackson County Sheriff; the Jackson County Jail Doctor; the Jackson County Jail Medical Supervisor; the Jackson County Jail Mental Health Supervisor; the City of Howell; the Livingston County Jail; Livingston County Sheriff M.J. Murphy; Livingston County Jail Administrator T. Pringle; Livingston County Lieutenant Asquith; Livingston County Sergeants Neal, Click,

and Mack; Livingston County Jail Classification, Commissary, Inmate Services employee Diehl; Livingston County Jail Deputies Onieda, Smith, Cain, Hanely, and John Doe; the Livingston County Jail Doctor; Livingston County Jail Medical Supervisor T.D.; Livingston County Jail Mental Health employee Shelly; and Livingston County Jail Inmate Services employee Jane Doe. (*Id.* at PageID.1–9.) When Plaintiff signed the complaint on August 12, 2024, he was confined at Livingston County Jail in Howell, Michigan. (*Id.* at PageID.3, 82.) But Plaintiff's most recent notice of change of address, which was filed by the Clerk's Office on February 11, 2025, indicates that Plaintiff was transferred to Federal Correctional Institution (FCI) Terre Haute in Terre Haute, Indiana. (ECF No. 11.)

Before the Court is a one-page, handwritten document submitted by Plaintiff titled "Order To Show Cause for Declaratory & Injunctive Relief & Temporary Restraining Order." (ECF No. 4, PageID.91.) The document is dated August 12, 2024. (*Id.*) The body of Plaintiff's filing states in full:

> I ask this Honorable Court for Declaratory and Injunctive Relief and Damages. I ask for a Temporary restraining order for the officers & officials of Livingston County Jail to stop Harrassing [sic] & retaliating against me for filing

2

grievances and this Law Suit. I ask for an order to stop Reading my out going [sic] and Incoming Legal, to Stop Copying my Legal mail & stop interfering with me sending out my Legal mail, and delaying me getting my Legal mail. I also ask for an order to be given my Psych meds as requested by U.S. Magistrate Elizebeth [sic] Stratton [sic], and to be provide [sic] paper & pens for the drafting of legal Documents.

(*Id.*) The Court construes this filing as a motion for a temporary restraining order and for declaratory relief and damages.[1] There is no indication on the docket that Defendants have been served with a copy of the complaint or Plaintiff's motion. For the reasons set forth below, Plaintiff's motion is denied.

The Court denies the portion of Plaintiff's motion seeking a temporary restraining order. "A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm." *Moon v. Sissen*, No. 2:24-cv-12850, 2024 WL 5324949, at *1 (E.D. Mich. Dec. 16, 2024) (quoting *Brown v. Countrywide Home Loans*, No. 09-12359, 2009 WL 1798069, at *1 (E.D. Mich. June 19, 2009);

---

[1] The Court assumes that Plaintiff's request for "Injunctive Relief" (ECF No. 4, PageID.91) is a request for a temporary restraining order.

3

citing *Farrell v. Harvey Elam Fair Value Appraisal Servs.*, No. 11-cv-12368, 2011 WL 13220291, at *1 (E.D. Mich. June 3, 2011)), *report and recommendation adopted*, No. 2:24-cv-12850, 2025 WL 97337 (E.D. Mich. Jan. 14, 2025). Federal Rule of Civil Procedure 65(b)(1) states that

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Here, Plaintiff's request for a temporary restraining order is denied because Plaintiff does not satisfy either requirement in Rule 65(b)(1). Plaintiff does not present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [him] before the [Defendants] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Nor does Plaintiff

4

"certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). *See Moon*, 2024 WL 5324949, at *2 (denying a temporary restraining order in a prisoner civil rights case because the *pro se* plaintiff "has not provided notice to the opposing parties, nor certified in writing 'why [notice] should not be required'" under Rule 65(b)(1)(B) (alteration in original) (quoting *Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *6 (E.D. Mich. Jan. 27, 2020), *report and recommendation adopted*, No. 19-11726, 2020 WL 1866096 (E.D. Mich. Apr. 14, 2020))); *Simmons*, 2020 WL 1868774, at *6 (recommending the denial of a *pro se* plaintiff's "motion for *ex parte* temporary restraining order" because the plaintiff "did not certify attempts at service or explain why notice of the motion should be dispensed with"). Plaintiff "filed no certificates of service with the motion[ ] nor has [ ]he provided certified reasons, or even discussed, why [ ]he has not served the motion on [D]efendants." *Moon*, 2024 WL 5324949, at *2 (quoting *Simmons*, 2020 WL 1868774, at *6). Plaintiff fails to comply with the requirements of Rule 65(b)(1). His request for a temporary restraining order is therefore denied. *Brown*, 2009 WL 1798069, at *1 ("find[ing] that the drastic remedy of granting a

5

temporary restraining order without notice [wa]s not justified" because the *pro se* plaintiff "failed to meet either requirement set forth in Rule 65(b)"); *Jones v. Hemingway*, No. 4:23-cv-10842, 2023 WL 6811808, at *2 (E.D. Mich. Sept. 18, 2023) ("Because [the *pro se*] plaintiffs did not follow the requirements of Rule 65, the extraordinary relief of a [temporary restraining order] . . . is unwarranted." (citing *Simmons*, 2020 WL 1868774, at *6)), *report and recommendation adopted*, No. 23-10842, 2023 WL 6811022 (E.D. Mich. Oct. 16, 2023); *Sutherland v. Warren*, No. 18-cv-13568, 2019 WL 13368703, at *1 (E.D. Mich. Aug. 13, 2019) (recommending the denial of a temporary restraining order requested by a *pro se* plaintiff because "the conditions allowing for the issuance of a [temporary restraining order] without notice [under Rule 65(b)(1)] are not met"), *report and recommendation adopted*, No. 18-13568, 2019 WL 13368682 (E.D. Mich. Sept. 5, 2019).

The portion of Plaintiff's motion seeking a temporary restraining order is also denied because Plaintiff fails to show that he is entitled to that form of relief. In determining whether to issue a temporary restraining order, courts consider the following factors: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the

movant would suffer irreparable injury absent a [temporary restraining order], (3) whether [issuance of a temporary restraining order] would cause substantial harm to others, and (4) whether the public interest would be served by [issuance of a temporary restraining order]." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Plaintiff does not show that an analysis of these factors justifies issuing a temporary restraining order. In fact, he does not address any of the factors in his motion. As a result, Plaintiff does not demonstrate that issuing a temporary restraining order is warranted. Thus, the part of Plaintiff's motion asking for a temporary restraining order is denied. *See Simmons*, 2020 WL 1868774, at *7 (recommending the denial of a *pro se* plaintiff's motions for injunctive relief under Rule 65 because the plaintiff "has not met her burden of showing entitlement to an injunction pursuant to Rule 65" based on the factors courts consider to "determin[e] whether injunctive relief is proper").

Moreover, Plaintiff's request for a temporary restraining order is moot. Given that Plaintiff was transferred to FCI Terre Haute and is no

longer incarcerated at Livingston County Jail (*see* ECF No. 11), his request for injunctive relief—in this case, a motion for a temporary restraining order directed at "the officers & officials of Livingston County Jail" (ECF No. 4, PageID.91)—is moot. *See Price v. Stephenson*, No. 18-1702, 2019 WL 2603540, at *2 (6th Cir. Apr. 26, 2019) ("[A] prisoner's request for injunctive . . . relief becomes moot when he is transferred to another facility." (citing *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996))); *Berryman v. Granholm*, 343 F. App'x 1, 4–5 (6th Cir. 2009) ("As to the request for . . . injunctive relief, the district court correctly held that because [the plaintiff] had been transferred from [the] facility [of which he complained], the claim had become moot." (citing *Cardinal v. Metrish*, 564 F.3d 794, 798–99 (6th Cir. 2009))); *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) ("To the extent that [the plaintiff] asks for injunctive relief against officials at [his former facility], his claim is moot."); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) ("[B]ecause of [the plaintiff's] transfer, his request for injunctive relief is now moot." (internal citations omitted)); *Glover v. Rivas*, No. 2:19-CV-13406-TGB-MJH, 2022 WL 4866535, at *4 (E.D.

Mich. Oct. 3, 2022) (denying as moot the plaintiff's emergency motion for a temporary restraining order and preliminary injunction because the plaintiff was "no longer incarcerated at . . . the institution against which he s[ought] injunctive relief in his emergency motion" and finding that the plaintiff "failed to meet his burden to demonstrate entitlement to extraordinary equitable relief").

Plaintiff's request for declaratory relief and damages—which appears in the first sentence of his motion—is denied as well. (*See* ECF No. 4, PageID.91 ("I ask this Honorable Court for Declaratory . . . Relief and Damages.").) Because Plaintiff has been transferred to FCI Terre Haute, his request for declaratory relief is moot—assuming the request stems from complaints related to Livingston County Jail, which is not specified. *See Price*, 2019 WL 2603540, at *2 ("[A] prisoner's request for . . . declaratory relief becomes moot when he is transferred to another facility." (citing *Parks*, 510 F. App'x at 415; *Kensu*, 87 F.3d at 175)); *Berryman*, 343 F. App'x at 4–5 ("As to the request for declarative . . . relief, the district court correctly held that because [the plaintiff] had been transferred from [the] facility [of which he complained], the claim had become moot." (citing *Cardinal*, 564 F.3d at 798–99)). Regardless,

9

Plaintiff presents no basis for the Court to grant him declaratory relief and damages at this stage of the case. *See Clemons v. Couch*, 3 F.4th 897, 902 n.2 (6th Cir. 2021) ("Issues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited." (quoting *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 621 (6th Cir. 2013))). The remaining portion of Plaintiff's motion, in which he seeks declaratory relief and damages, is therefore denied.

Accordingly, Plaintiff's motion for a temporary restraining order and for declaratory relief and damages (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated: February 25, 2025   s/Judith E. Levy
   Ann Arbor, Michigan   JUDITH E. LEVY
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2025.

                                                    s/William Barkholz
                                                    WILLIAM BARKHOLZ
                                                    Case Manager